UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEE DEE GEORGE | ) | CASE NO. |
| 44 Raymond Avenue | ) | |
| Shelby, OH 44875 | ) | JUDGE |
| | ) | |
|    -Plaintiff, on behalf of herself and all | ) | **PLAINTIFF'S CLASS AND** |
| others similarly situated, | ) | **COLLECTIVE ACTION COMPLAINT** |
| | ) | |
| | ) | (Jury Demand Endorse Herein) |
|        v. | ) | |
| | ) | |
| COMPANIONS OF ASHLAND, INC. | ) | |
| c/o Tiffany F. Behrendsen, Statutory Agent | ) | |
| 1241 E Main St. | ) | |
| Ashland, OH 44805 | ) | |
| | ) | |
|    -Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## INTRODUCTION

1.     Plaintiff brings this case to challenge policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes and common law of the State of Ohio.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      This Court has supplemental jurisdiction over Plaintiff's claims under the statutes and common law of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because some or all of the Defendants reside in this district and division and all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5.      At all times relevant, Plaintiff Dee Dee George was a citizen of the United States and residents of Richland County, Ohio.

6.      Defendant Companions of Ashland, Inc. is a corporation organized under the laws of the State of Ohio and registered as a for-profit corporation with the Ohio Secretary of State.

7.      The records of the Ohio Secretary of State lists Tiffany F. Behrendsen as the statutory agent for Companions of Ashland, Inc. (hereinafter referred to as "Defendant" or "Companions").

## FACTUAL ALLEGATIONS

### Defendant's Business

8.      Defendant provides in-home health care and in-home assisted living services as a Medicaid/Medicare service provider.

9.      Defendant's employees provide services covered by Medicaid/Medicare to clients throughout Ashland County and Richland County and other geographic areas in Ohio.

10.      Companions provides in-home health care and assisted living services to clients through its employees.

**Defendant's Status as Employer**

11.     At all times relevant, Defendant was an employer within the meaning of the

FLSA, 29 U.S.C. § 203(d), and employed hourly employees who performed in home health care

and assisted living services, including Plaintiff.

12.     At all times relevant, Defendant's employees provided Medicaid/Medicare

eligible in-home services.

13.     At all times relevant, Defendant was an enterprise within the meaning of 29

U.S.C. § 203(r).

14.     At all times relevant, Defendant was an enterprise engaged in commerce or in the

production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15.     At all times relevant, Defendant had annual revenue in excess of $1 million

dollars each year.

**Plaintiff's Non-Exempt Employee Status With Defendant**

16.     Plaintiff Dee Dee George has worked for Defendant from October, 2014 to the

present as a State Tested Nursing Assistant (STNA).

17.     Plaintiff, the FLSA Collective, and Ohio Class worked for Defendant as providers

of in-home health and assisted living care, including, but not limited to, assistant with general

daily living activities, cleaning, cooking, and running errands.

18.     At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were

employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. § 4111.01; and Art. II. Section

34a of the Ohio Constitution.

19.    At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**<u>Defendant's Failure to Pay Overtime Compensation or a Minimum Wage</u>**

20.    Plaintiff, the FLSA Collective, and Ohio Class frequently worked more than forty (40) hours in a single workweek.

21.    Plaintiff, the FLSA Collective, and Ohio Class would travel to, from, and between job assignments using their own transportation, without being paid for their workday travel. Further, Plaintiff, the FLSA Collective, and Ohio Class were required to run errands for clients using their own transportation without pay, in violation of the FLSA, 29 C.F.R. § 551.442.

22.    Plaintiff, the FLSA Collective, and Ohio Class were not reimbursed by Defendant for their travel expenses, including, but not limited to, the cost of fuel utilized by Plaintiff, the FLSA Collective, and Ohio Class travelling to and from clients, travelling between client assignments, and performing errands for clients. As a result, Plaintiff, the FLSA Collective, and the Ohio class were not paid minimum wage "free and clear," in violation of the FLSA and Ohio law, 29 C.F.R. § 531.25.

23.    During the time Plaintiff, the FLSA Collective, and Ohio Class worked for Defendant, they would typically work 50 to 60 hours each work week.

24.    Plaintiff, the FLSA Collective, and Ohio Class were not paid overtime at a rate of one and on-half times their regular rate for any hours worked in excess of 40 hours in a single workweek, 29 U.S.C. § 207; O.R.C. § 4111.03; 29 C.F.R. chapter 552.

25. At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. § 4111.01; and Art. II. Section 34a of the Ohio Constitution.

26. At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

27. Plaintiff, the FLSA Collective, and Ohio Class frequently worked more than forty (40) hours in a single workweek.

28. The FLSA and Ohio law required Defendant to pay overtime compensation to their employees at the rate of one and one-half times their regular rate for the hours they worked in excess of forty. 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

29. Defendant did not pay overtime compensation to Plaintiff, the FLSA Collective, and/or Ohio Class at the time-and-a-half regular rate required.


**Defendant's Failure To Pay For All Hours Worked**


30. While Plaintiff, the FLSA Collective, and Ohio Class were paid on an hourly basis, Defendant consistently failed to pay Plaintiff, the FLSA Collective, and Ohio Class for all time worked in violation of the FLSA, 29 U.S.C. § 207.

31. Defendant did not pay Plaintiff, the FLSA Collective, and/or Ohio Class for travel time between clients.

32. Further, Plaintiff, the FLSA Collective, and Ohio Class would regularly receive calls from clients at times other than those scheduled by Defendant. Defendant did not pay

Plaintiff, the FLSA Collective, and/or Ohio Class for time worked responded to unscheduled requests from clients.

33. Defendant would also assign Plaintiff, the FLSA Collective, and Ohio Class additional duties beyond those set forth on their bi-weekly schedule for which Defendant did not pay Plaintiff, the FLSA Collective, and/or Ohio Class.

34. As a result, Defendant failed to pay Plaintiffs, the FLSA Collective, and Ohio Class were not paid for all hours worked. Further, had Plaintiffs, the FLSA Collective, and Ohio Class been paid for all hours worked, some of the additional hours should have been compensated at the overtime rate.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. Plaintiff bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

37. The FLSA Collective consists of:

> All present and former hourly employees of Defendant who worked as STNA home health aides (or other similar job titles) in Ohio since October 13, 2015 to the present.

38. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay for all hours worked and overtime compensation

for all hours worked in excess of forty per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

39.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

40.     Plaintiffs cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 60 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and was required to maintain, pursuant to the FLSA.

<u>**CLASS ACTION ALLEGATIONS**</u>

41.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former hourly employees of Defendant who worked as STNA home health aides (or other similar job titles) during the period three years preceding the commencement of this action to the present.

43.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiffs cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 60 persons.  The number of class members, as well as their identities, are ascertainable from the payroll records Defendant has maintained, and was required

to maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. Art. II, § 34a.

44.     There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendant failed to pay Plaintiff and other class members all overtime pay due to them?
>
> Whether Defendant failed to pay Plaintiff and other class members for all hours worked?
>
> Whether Defendant failed to pay Plaintiff and other class members minimum wage?
>
> Whether Defendant's failure to pay Plaintiff and other class members overtime pay due to them in violation of the FLSA and Ohio law was willful?

45.     Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

46.     Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members.  Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

47.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

48.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

<u>**COUNT ONE**</u>
**(FLSA Overtime Violation)**

49.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

50.     Plaintiff brings this claim for violation of the FLSA's overtime provisions.

51.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay.  29 U.S.C. § 207(a)(1).

52.     Plaintiff, the FLSA Collective, and Ohio Class should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

53.     Defendant did not pay overtime compensation to Plaintiffs, the FLSA Collective, and/or Ohio Class at the rate of one and one-half times their regular rate for all of their overtime hours.

54.     By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

9

55.     As a result of Defendant's violations of the FLSA, Plaintiff, the FLSA Collective, and Ohio Class were injured in that they did not receive wages due to them pursuant to the FLSA.  29 U.S.C. § 216(b) entitles Plaintiff, the FLSA Collective, and Ohio Class to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violation)

56.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

57.     Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

58.     At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

59.     Defendant's failure to compensate overtime hours and Defendant's failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

60.     These violations of Ohio Const. Art. II, § 34a. injured Plaintiff, the FLSA Collective, and Ohio Class in that they did not receive wages due to them pursuant to that statute.

61.     Defendant having injured Plaintiff is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## COUNT THREE
### (FLSA Minimum Wage Violation)

62.     Plaintiff incorporates by reference the foregoing allegations as if fully re-written herein.

63.     The FLSA requires that "non-exempt" employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. 29 U.S.C. § 206.

64.     Based on improper deductions alleged herein, Defendant failed to comply with the requirements of 29 U.S.C. § 206, by paying employees less than the applicable minimum wage rate.

65.     Defendant has engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiff's minimum wages as required by federal law.

66.     The above-described willful and systematic violations of the FLSA complained of by Plaintiff have similarly affected all other opt-in members of the collective action and Ohio Class so that the claims of such members are common to and typical of each other.

67.     Defendant's unlawful conduct directly and proximately caused Plaintiff, the FLSA Collective and Ohio Class, to suffer damages for which they are entitled to judgment.

68.     Defendant's violations have been willful and/or in reckless disregard of Plaintiff's, the FLSA Collective, and Ohio Class rights, and entitle Plaintiff, the FLSA Collective, and Ohio Class to liquidated and/or punitive damages.

## COUNT FOUR
### (Ohio Constitution Minimum Wage Violation)

69.     Plaintiff incorporates by reference the foregoing allegations as if fully re-written herein.

70.     The Ohio Constitution  requires that employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. Art. II, Sec. 34a of the Ohio Constitution.

71.     Based on failure to pay all hours worked and improper deductions alleged herein, Defendant failed to calculate and Defendant failed to comply with the requirements of Ohio law, by paying employees less than the applicable minimum wage rate. Art. II, Sec. 34a, Ohio Constitution.

72.     Defendant has engaged in a series of unlawful acts, practices, policies, and procedures in violation of the Ohio Constitution, including refusing and/or failing to calculate and pay Plaintiff, the FLSA Collective, and Ohio Class minimum wages as required by federal law.

73.     The above-described willful and systematic violations have similarly affected the FLSA Collective and Ohio Class so that the claims of such members are common to and typical of each other.

74.     Defendant's unlawful conduct directly and proximately caused Plaintiff, the FLSA Collective, and Ohio Class to suffer damages for which they are entitled to judgment.

75.      Defendant's violations have been willful and/or in reckless disregard of Plaintiff's, the FLSA Collective's, and Ohio Class's rights, and entitle Plaintiff, the FLSA Collective, and Ohio Class to liquidated and/or punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A.      Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.      Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.      Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D.      Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount;

E.      Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid minimum wages, as well as statutory damages in an amount equal to twice the unpaid minimum wages;

F.      Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

s/ Joseph F. Scott
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Scott & Winters Law Firm, LLC
The Superior Building
815 Superior Avenue E., Suite 1325
Cleveland, OH  44114
440-498-9100
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Joseph F. Scott
Joseph F. Scott (0029780)