UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |  |
|---|---|---|
| DEE DEE GEORGE, | : | CASE NO. 1:16-CV-00429 |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Docs. 19, 22] |
| COMPANIONS OF ASHLAND, INC., | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 24, 2016, Plaintiff Dee Dee George moved to certify both a Fair Labor Standards Act ("FLSA") collective action and a Federal Rule of Civil Procedure 23 class action against her employer Defendant Companions of Ashland, Inc.[1] This Court approved the parties' stipulation to class certification and a collective action on June 28, 2016.[2] On August 15, 2016, Defendant filed a motion to decertify the Rule 23 class.[3] For the following reasons, the Court **DENIES** Defendant's motion to decertify the class.

## I.    BACKGROUND

At issue is whether this Court should decertify Plaintiff's Rule 23 class because few employees chose to opt in to the Fair Labor Standards Act collective action.

Defendant Companions of Ashland, Inc. provides in-home health care and assisted living services to Medicaid/Medicare-eligible patients.[4] Plaintiff George has worked for Defendant as a State Tested Nursing Assistant ("STNA") since October 2014.[5]

---

[1] Doc. 1.
[2] Doc. 15.
[3] Doc. 19. Defendant does not oppose the continuation of the collective action. *Id.* Plaintiff opposed. Doc. 22.
[4] *Id.*
[5] Doc. 1 at 3.

Case No. 1:16-CV-00429
Gwin, J.

Plaintiff says that she frequently worked more than 40 hours a week (typically 50-60 hours a week) without being paid the required 1.5 time rate.[6] Defendant also required her to travel between job assignments and run errands for clients using her own transportation without reimbursement.[7]

Plaintiff argues that other STNAs also experienced this treatment. She brings her claims under the FLSA and Ohio law on behalf of other similarly situated employees.[8] The class includes all present and former hourly employees of Defendant who worked as STNA home health aides in Ohio from October 13, 2015 to the present.[9]

In its answer, Defendant admitted that it owes "1/2 time for all employees who worked more than 40 hours in a week on or after October 13, 2015."[10] Defendant also admitted that "other STNAs are similarly situated to Plaintiff in regard to overtime pay"[11] and "stipulate[d] to a class of individuals seeking overtime pay."[12]

On June 10, 2016, the parties stipulated to class certification and certification of a collective action pursuant to Rule 23 and 29 U.S.C. § 216(b), as well as the issuance of notice to similarly situated persons.[13] This Court approved the parties' joint motion for class certification and notice on June 28, 2016.[14]

The notice sent to potential class members informed them of the choice to opt in to the FLSA collective action, and/or to opt out of the Rule 23 class action.[15] Six employees, including

---

[6] *Id*. at 4-6 (citing 29 U.S.C. § 207; O.R.C. § 4111.03; 29 C.F.R. § 552).
[7] *Id*.
[8] *Id*. at 6.
[9] *Id*.
[10] Doc. 4 ¶ 52.
[11] *Id*. at ¶ 45.
[12] *Id*. at ¶ 48.
[13] Doc. 14.
[14] Doc. 15.
[15] Doc. 14-1.

2

Case No. 1:16-CV-00429
Gwin, J.

Plaintiff George, have opted into the FLSA collective action.[16] To date, no employees have opted out of the Rule 23 class.

Defendant Companions of Ashland, Inc. filed a motion to decertify the class on August 15, 2016.[17] Defendant does not oppose the continuation of the collective action.[18] Plaintiff filed her opposition on September 1, 2016.[19]

## II. LEGAL STANDARD

"[A] district court's responsibilities with respect to Rule 23(a) do not end once the class is certified."[20] The court has a continuing obligation to ensure that the requirements for class certification under Rule 23, including numerosity, commonality, typicality, and adequacy, continue to be met.[21] Common issues must continue to predominate over individual issues, and class treatment must be "superior to other methods for fairly and efficiently adjudicating the controversy."[22]

## III. DISCUSSION

In its motion to decertify, Defendant Companions of Ashland, Inc. emphasizes that only four people have opted into the collective action class, and those four did so after the cut-off date.[23] Defendant also argues that many of its employees who received notice of the class action were

---

[16] Docs. 16, 17, 18, 20, 21. This Court set an opt-in deadline for August 18, 2016. Doc. 12. All of the aforementioned opt-in notices were filed with the Court after the cutoff deadline.
[17] Doc. 19.
[18] *Id*.
[19] Doc. 22.
[20] *Bitna B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 618 (6th Cir. 2013).
[21] *See Powell v. Tosh*, No. CIV.A. 5:09-CV-00121, 2013 WL 4418531, at *2 (W.D. Ky. Aug. 2, 2013) (quoting *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (2011)) ("The Sixth circuit recognizes that district courts have a 'continuing obligation to ensure that the class certification requirements are met, and [may] alter or amend the certification order as circumstances change.'"); *see also* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.").
[22] *See* Fed. R. Civ. P. 23(b)(3).
[23] Two additional employees opted in to the collective action after Defendant filed its motion to decertify. *See* Docs. 20, 21.

3

Case No. 1:16-CV-00429
Gwin, J.

unaffected by its allegedly unlawful practices. Defendant reasons that "[a] class should not be foisted" on those four employees who opted in when the employees who received notice and did nothing are "not interested" in this lawsuit.[24]

At bottom, Defendant argues that the low number of opt ins to the collective action under 29 U.S.C. § 216 demonstrates a lack of numerosity for the Rule 23 collective action. But failing to make the effort to "opt in" to a collective action does not equate to "opting out" of the class action. In fact, not a single employee has chosen to opt out of the Rule 23 class.[25]

Defendant agreed that numerosity is satisfied in the stipulated order for class certification. Specifically, Defendant admitted that the class "consist[s] of over 40 persons."[26] Defendant sent Plaintiff George billing records including names and addresses of over 40 employees who satisfy the class criteria.[27] The Rule 23 class maintains its validity and its size —here, approximately 40 people—despite the low turnout for the FLSA collective action.

### IV. CONCLUSION

For the reasons above, this Court **DENIES** Defendant Companions of Ashland's motion to decertify the class.

IT IS SO ORDERED.

Dated: September 7, 2016                      *s/      James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE

---

[24] Doc. 19 at 1.
[25] When a case is brought as both an FLSA opt-in collective action and a Rule 23 opt-out class action, a small collective and a large class is a typical result. *See, e.g.*, *Kuncl v. Int'l Bus. Machines Corp.*, 660 F. Supp. 2d 1246, 1250–51 (N.D. Okla. 2009) (noting that "Rule 23 classes are generally 'much larger than the corresponding § 216(b) collective action groups'" due to low opt-in and opt-out rates).
[26] Doc. 14 at 2.
[27] Docs. 22, Exs. 1-12.

4