# AGREEMENT OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division, this Agreement of Settlement and Release is entered into between Plaintiff Dee Dee George and Defendant Companions of Ashland, Inc.  this _____ day of April, 2017.

## DEFINITIONS

1. "Action" shall mean the civil action in the United States District Court for the Northern District of Ohio, Eastern Division entitled *Dee Dee George, v. Companions of Ashland, Inc.*, U.S. District Court, Northern District of Ohio, Case No. 1:16 CV 0429.

2. "Settlement Agreement" shall mean this Agreement of Settlement and Release.

3. "Settlement" shall mean the settlement of the Action under the terms and conditions set forth in the Settlement Agreement.

4. "Plaintiff," unless otherwise specified, shall mean Dee Dee George.

5. "Opt-Ins" means the persons who joined this case pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), by signing and returning the consent form previously approved by the Court.

6. The "Class Members" shall mean all persons who at any point from October 13, 2015 to the present who (a) were employed by Companions of

Ashland, Inc. as STNA's ; (b) provided in-home health care and/or assisted living services and (c) were not paid overtime and/or travel time between assignments.

7. The "Settlement Class Members" shall mean all present and former hourly employees of Companions of Ashland, Inc. who worked as STNA's during the period to the present and did not request exclusion from the Settlement Class pursuant to Fed. R. Civ. P. 23.

8. The "Settlement Class" shall consist of all Settlement Class Members.

9. "Plaintiffs' Counsel" shall mean Joseph F. Scott and Ryan A. Winters, of the Scott & Winters Law Firm, LLC.

10. "Defendant" and "Companions" shall mean Companions of Ashland, Inc. and all of its current and former owners, officers, directors, employees, agents, insurers, attorneys, parents, predecessors, successors, subsidiaries, and related and affiliated entities in their individual and official capacities.

11. "Parties" shall mean the Plaintiff and Defendant, as defined above.

12. "Released Period" shall mean the period October 13, 2015 to the date of the Court's Final Order and Judgment approving the Settlement.

13. "Effective Date" shall mean the date of the Court's Final Order and Judgment approving the Settlement.

14. The "Administrator" shall be a qualified settlement administration firm selected by Plaintiffs' Counsel and approved by Defendant.

## RECITALS

15. The Settlement resolves bona fide disputes involving wages and overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, corresponding provisions of Ohio wage-and-hour law, and other state-law claims.

Plaintiff filed her Class and Collective Action Complaint against Defendant (ECF #1) on February 24, 2016.  Plaintiffs alleged that Companions of Ashland failed to pay employees for all hours worked, failed to properly calculate and pay overtime, and failed to pay employees for travel time between work assignments. Defendant admitted some of these violations did occur for a limited period of time.  ECF #4 at ¶'s 29 and 34.  Defendant denied Plaintiff's other claims and asserted affirmative defenses.  *See* Answer to Complaint (ECF. #4).

16. A settlement conference was conducted on October 4, 2016 with the assistance of the Court. After negotiations, the proposed Settlement was achieved.

17. Wherefore, subject to approval by the Court, the Parties have reached a binding agreement to settle the Action upon the terms and conditions set forth herein.

18. Therefore, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties do hereby settle, compromise, and resolve any and all claims specified herein, except with respect to enforcement of this Agreement, as follows:

**APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION**

19. <u>Cooperation</u>: The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of the Settlement, to effectuate its terms, and cause the Action to be dismissed with prejudice.

20. <u>Fair, Adequate, and Reasonable</u>: The Parties agree that the Settlement is fair, adequate, and reasonable and will so represent to the Court.

21. <u>Joint Motion for Approval of Settlement:</u> The Joint Motion will ask the Court to conduct a fairness hearing and approve the class and FLSA collective portions of the settlement, together with the proposed service award to Plaintiff and Plaintiff's reasonable attorney fees and costs.

**SETTLEMENT PAYMENTS**

22. <u>Total Settlement Amount</u>: Defendant will pay the Total Settlement Amount of Forty-Five Thousand Dollars ($45,000).

23. <u>Collective and Class Payments</u>.  The Total Settlement Amount, after deduction of Service Awards, Individual Settlements, Attorneys' Fees and Cost Reimbursements, and settlement administration costs, will be the Net Proceeds of the Settlement.  The Net Proceeds will be made available to the Plaintiffs, Opt-Ins, and Settlement Class Members in individual settlement payments as provided below.

24. <u>Method of Allocation</u>.  One-third of the Net Proceeds will be allocated to the Plaintiff and Opt-Ins, and two-thirds to Settlement Class Members, and will be further allocated to the participants in each group based on their respective number of weeks of service to Defendant, less statutory wage deductions as described below.  Persons who are Plaintiff or Opt-Ins are also Settlement Class Members and therefore eligible for payments in each group.  All payments will be subject to the Settlement Administration terms provided herein.

25. <u>Plaintiffs' Service Awards and Other Consideration</u>.  From the Total Settlement Amount, Plaintiff Dee Dee George will receive a service award in the amount of $2,500 each in recognition of her assistance to Plaintiff's Counsel and her contribution to achieving the Settlement on behalf of all Opt-Ins and Settlement Class Members.

26. <u>Attorneys' Fees and Cost Reimbursements</u>.  From the Total Settlement Amount, Plaintiffs' Counsel will receive attorneys' fees in the amount

5

of one-third of the Total Settlement Amount plus reimbursement of litigation costs in the amount of $500.

27. <u>Tax Treatment of Settlement Payments</u>: One-half of the Class and Collective Payments will be treated as wage payments subject to deduction of the employee share of applicable taxes and withholdings required by federal, state, and local law, and reported to the appropriate taxing authorities on Forms W-2, and one-half as non-wage income ("liquidated damages") and reported to the appropriate taxing authorities on Forms 1099. Defendant will be responsible for the employer share of FICA taxes. Plaintiff's Service Award as well as the Attorneys' Fees to Plaintiffs' Counsel will be considered non-wage income and reported to the appropriate taxing authorities on Forms 1099. Plaintiff acknowledges that she has received no opinion or advice from Defendant with respect to the taxability, if any, of the payment made to them or their counsel.

28. Plaintiff has informed herself of the terms, contents, conditions and effects of this Settlement Agreement. Plaintiff further acknowledges that: (i) she has been advised to consult with an attorney prior to executing this Settlement Agreement; (ii) she has received no opinion or advice from Defendant or its attorneys with respect to the advisability of accepting or rejecting the settlement offer set forth in this Settlement Agreement; (iii) she is over the age of eighteen (18) years, of sound mind and otherwise competent to execute this Settlement

Agreement; and (4) she is entering into this Settlement Agreement knowingly and voluntarily and without any undue influence or pressures.

## SETTLEMENT ADMINISTRATION

29. The Settlement will be administered by the Administrator selected by Plaintiff. Settlement administration costs will be paid from the available Total Settlement Amount.

30. Settlement funds will be sent by First-Class United States mail to all Opt-Ins and Settlement Class Members at the addresses listed by Defendant in the Class Roster, as updated by the Administrator from the National Change of Address database. The administrator will make one attempt to find a good address and resend mailings returned as undeliverable.

31. The Administrator will keep the Parties' counsel reasonably informed about the progress of the administration, and will expeditiously inform Plaintiffs' Counsel of any Notices returned as undelivered.

32. Five business days after the Effective Date, Defendant will remit the Total Settlement Amount in monthly installments of no less than $1500 per installment payment until the total settlement amount has been paid in full.

33. The Administrator will issue the Service Award to Plaintiff and the Attorneys' Fees and Cost Reimbursements to Plaintiffs' Counsel at such intervals as Plaintiff's counsel may direct.

34. Twenty-one days after Effective Date, or as soon thereafter as practicable, the Administrator will issue the Collective and Class Payments to Plaintiffs and to all Opt-Ins and Settlement Class Members.

35. The Administrator will make one attempt to find a good address (using LexisNexis or other qualified service) and resend checks for any that were returned as undeliverable.

36. Settlement checks that remain undeliverable or uncashed 120 days after the Effective Date shall be void and the funds shall be reallocated to the Plaintiffs, Opt-Ins, and Settlement Class Members who have cashed their checks. Reallocation checks will be sent to those Plaintiffs, Opt-Ins, and Settlement Class Members.

## **RELEASE OF CLAIMS**

37. <u>Claims Released by Settling Parties</u>: Except as otherwise stated herein, Plaintiff, Opt-Ins and Settlement Class Members (collectively, "Settling Parties" and each, a "Settling Party"), and each of their predecessors, successors, heirs, and assigns, and all other legal representatives, shall release and dismiss with prejudice all claims against Defendant and grant the Defendant a covenant not to sue, which shall release, and unconditionally, and forever bar Settling Parties from bringing, prosecuting, participating in, and or recovering for any claims, known or unknown, accrued or unaccrued, present or future, whether claims are based in statute, contract, or tort, which were brought or could have

8

been brought against Defendant as of the Effective Date and which did arise, in whole or in part, or relate in any way, to the subject matter of, or the conduct, acts, omissions, transactions, events, policies, disclosures, statements, occurrences, or causes of action, alleged in the Complaints filed in this Action, including without limitation, claims regarding or for unpaid wages, unpaid overtime compensation, unpaid commissions, breach of contract, liquidated damages, interest, attorneys' fees and expenses.

38. <u>Claims Released by Plaintiff</u>: In addition to the claims released by the Settling Parties described above, in exchange for the consideration recited in this Agreement, Plaintiff releases and forever discharges and covenants not to sue Defendant for any claim, whether known or unknown, which they have ever had, or hereafter may claim to have, arising on or before the Effective Date of this Agreement, including without limitation, any claims relating to or arising out of any aspect of her employment with Defendant, any claims for unpaid compensation, wages and/or bonuses. The claims released pursuant hereto include, but are not limited to, claims arising under any federal, state or local law, rule or regulation, including, without limitation, the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, et seq., the Civil Rights Act of 1866, the Civil Rights Act of 1991, 42 U.S.C. § 1981, et seq., the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et seq., the Equal Pay Act,

9

as amended, 29 U.S.C. § 206, et seq., the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq., the Family and Medical leave Act of 1993, 29 U.S.C. § 2601, et seq., the Ohio Minimum Fair Wage Standards Act, Common Law, Statutory Law, and whether claims are based in statute, contract, or tort, and all other laws, rules or regulations regulating the terms and conditions of employment, regulation or ordinance, under the common law or in equity (including any claims for wrongful discharge, negligent or intentional infliction of emotional distress, fraud or any other unlawful behavior, the existence of which is denied by Defendant or otherwise), or under any policy, agreement, understanding or promise, written or oral, formal or informal, between any Plaintiff and Defendant.  Plaintiff acknowledges and agrees that the foregoing general release is given in exchange for the consideration provided to them by Defendant.

39. <u>Release of Attorneys' Fees and Expenses</u>:  Plaintiff and Plaintiff's Counsel agree that the payment of attorneys' fees and expenses to Plaintiff's Counsel pursuant to this Settlement includes, satisfies, and extinguishes all claims for attorneys' fees and expenses recoverable in the Action.  In consideration of such payment of attorneys' fees and expenses, Plaintiff's Counsel release and waive any and all claims to any additional attorneys' fees and expenses in connection with the Action or Settlement.

40. The releases herein shall become effective on the Effective Date.

41. Plaintiff represents and warrants to Defendant that she has not assigned or conveyed, in whole or in part, to any other person or entity any claim, or part thereof, which such party has or had against a released party or which is released in this Settlement Agreement, and that she owns the claims released in this Settlement Agreement and has the authority to execute this Settlement Agreement and grant the releases herein.

42. <u>Non-Disparagement</u>. Plaintiff agrees not to make any disparaging statements concerning Defendant, Defendant's current or former members, owners, managers, officers, directors, employees, attorneys, agents, or contracting parties, or its business operations. This non-disparagement clause shall not in any way prevent Plaintiff from disclosing any information in response to a lawful subpoena or court order requiring disclosure of information.

## **NO ADMISSION**

43. Nothing in this Settlement Agreement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant, and Defendant denies any such liability. The parties have entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## **CONSTRUCTION**

44. The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement Agreement.

45. The captions of this Settlement Agreement are solely for reference and have no legal effect whatsoever and will not in any way affect the interpretation or construction of this Settlement Agreement.

46. In the event that an individual provision of this Settlement Agreement is found to be legally unenforceable, such provision shall be severed from the contract, leaving the remainder intact and binding on all Parties.

## MODIFICATION

47. This Settlement Agreement may not be changed, altered or modified, except in a writing signed by the Parties and approved by the Court. This Settlement Agreement may not be discharged except by performance in accordance with the terms or by a writing signed by the Parties.

## INTEGRATION CLAUSE

48. This Settlement Agreement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings,

representations and statements, whether oral or written and whether by a Party or such Party's counsel, relating to the resolution of the Action, are merged into this Settlement Agreement, with the exception of any Non-Competition and Non-Solicitation Agreements, Confidentiality Agreements, and Non-Disclosure Agreements, or the like previously signed by any of Plaintiffs. No oral understandings, statements, promises or inducements contrary to the terms of this Settlement Agreement exist. No rights under this Settlement Agreement may be waived except in writing signed by the Parties.

49. Except as otherwise expressly provided herein, no waiver or purported waiver by any Party of any breach by the other Party of its obligations, representations, warranties, covenants or other agreements under this Settlement Agreement will be effective unless made in writing by such Party. No failure by a Party to pursue or elect any remedy with respect to any default under, or breach of, any provision of this Settlement Agreement by the other Party will be deemed to be a waiver of any subsequent, similar or different default or breach by such other Party.

## **COUNTERPARTS**

50. This Settlement Agreement may be executed in counterparts, including, without limitation, by facsimile transmission or by transmission of a PDF or other similar file via e-mail. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original,

including, without limitation, those sent by facsimile transmission or by transmission of a PDF or other similar file via e-mail, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

## JURISDICTION

51. The parties request that the Court retain jurisdiction to enforce the terms of the Settlement Agreement.  This Settlement shall be governed by and construed in accordance with the laws of the State of Ohio.

IN WITNESS WHEREOF, the parties have signed this Agreement on the dates set forth with their signatures.

**BY PLAINTIFF:**

_____    _____
Date                                             DEE DEE GEORGE

_____
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Scott & Winters Law Firm, LLC
The Superior Building
815 Superior Avenue E., Suite 1325
Cleveland, OH  44114
440-498-9100

jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
Counsel for Plaintiff

**BY DEFENDANT:**

COMPANIONS OF ASHLAND, INC.

By:_____

_____  _____
Date  PRINTED NAME


_____
Valerie A. Lang (0079493)
Law Offices of Valerie A. Lang
8310 Port Jackson Ave. NW
North Canton, Ohio  44720
Attorney for Companions of Ashland, Inc.